**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 21-4460**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TERRINDEZ XSIDRICK BRYANT,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  David A. Faber, Senior District Judge.  (2:19-cr-00244-1)

_____

Submitted:  September 30, 2022                    Decided:  December 19, 2022

_____

Before NIEMEYER and RUSHING, Circuit Judges, and KEENAN, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:** Wesley P. Page, Federal Public Defender, David R. Bungard, Assistant Federal Public Defender, Jonathan D. Byrne, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charleston, West Virginia, for Appellant.  William S. Thompson, United States Attorney, Ryan A. Keefe, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Terrindez Xsidrick Bryant appeals his 84-month sentence imposed following a guilty plea to distribution of five grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1).  On appeal, Bryant challenges the procedural reasonableness of his sentence, contending that the district court failed to address the merits of his argument for a downward variant sentence based on the disparate treatment of methamphetamine offenses under the Sentencing Guidelines.  We affirm.

We "review all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard."  *United States v. Torres-Reyes*, 952 F.3d 147, 151 (4th Cir. 2020) (cleaned up).  In conducting this review, we must first ensure that the sentence is procedurally reasonable, "consider[ing] whether the district court properly calculated the defendant's advisory [G]uidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, and sufficiently explained the selected sentence."  *Id.* (internal quotation marks omitted).  If "the district court has not committed procedural error," we then assess the substantive reasonableness of the sentence.  *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020).*

To meet the procedural reasonableness standard, the district court must make an individualized assessment based on the facts presented, state in open court the reasons supporting its chosen sentence, address the parties' non-frivolous arguments in favor of a

---

* Bryant does not lodge a separate substantive reasonableness challenge on appeal.

2

particular sentence, and, if it rejects them, explain why in a manner allowing for meaningful appellate review. *United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019). "The adequacy of the sentencing court's explanation depends on the complexity of each case." *United States v. Blue*, 877 F.3d 513, 518 (4th Cir. 2017). "The appropriateness of brevity or length, conciseness or detail, when to write, what to say, depends upon the circumstances." *Id.* (internal quotation marks omitted). "The sentencing court's explanation need not be extensive, but the record must make clear that the judge actually listened to, considered, and rendered a decision on the[ parties'] arguments such that [we] can conduct a meaningful review of the sentence imposed." *United States v. Harris*, 890 F.3d 480, 485 (4th Cir. 2018). Generally, an "explanation is sufficient if it, although somewhat briefly, outlines the defendant's particular history and characteristics not merely in passing or after the fact, but as part of its analysis of the statutory factors and in response to defense counsel's arguments" in mitigation. *Blue*, 877 F.3d at 519 (cleaned up).

In evaluating a sentence, we "may not guess at the district court's rationale, searching the record for statements by the Government or defense counsel or for any other clues that might explain a sentence." *United States v. Ross*, 912 F.3d 740, 745 (4th Cir. 2019) (internal quotation marks omitted). In certain circumstances, however, "[t]he context surrounding a district court's explanation may imbue it with enough content for us to evaluate both whether the court considered the § 3553(a) factors and whether it did so properly." *United States v. Montes-Pineda*, 445 F.3d 375, 381 (4th Cir. 2006).

Although the district court rejected Bryant's argument that it should recalculate his offense level based on perceived discrepancies in the Guidelines, noting its belief that

3

Congress or the Sentencing Commission should be the entities making these official adjustments, the court recognized its authority to deviate from the Guidelines based on this discrepancy by acknowledging that its brother courts had done so. In declining to follow these courts, the district court did not indicate that it believed the Guidelines were mandatory but rather that granting a variance on the proffered basis was not warranted.

However, the district court explained that it still gave Bryant's arguments "compelling weight" as "at least a mitigating factor" for determining "where [Bryant] should be sentenced within the [G]uidelines." (J.A. 86). The court then imposed a sentence at the low end of the Guidelines range, stating its belief that the chosen sentence "under all the facts and circumstances of this case is sufficient but not greater than necessary to adequately punish the defendant for his serious offense behavior, to instill within the defendant and the public a proper respect for the law, and to provide for a proper period of incapacitation and rehabilitation." (J.A. 93-94). Thus, the court made clear that it had listened to and considered Bryant's arguments, but ultimately weighed them differently than he urged. We find that the district court's explanation for declining to impose a variant sentence does not amount to procedural error.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4